IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

                       :

WILLIAM RUIFROK

                       :

     v.                      :    Civil Action No. DKC 10-2111

                       :

WHITE GLOVE RESTAURANT
SERVICES, LLC, et al.        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action alleging violations of the Fair Labor Standards Act ("FLSA") and related state law claims is a motion to remand filed by Plaintiff William Ruifrok. (Paper 16). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted.

**I.  Background**

Plaintiff William Ruifrok began working for Defendant White Glove Restaurant Services, LLC ("WGRS"), on November 30, 2009.[1] The terms of his employment were memorialized by a written agreement executed on December 1. As relevant to the instant motion, the agreement contained a choice of law and forum-selection clause, providing as follows:

---

[1] Defendants have advised that WGRS has recently changed its name to Hadpro Hood and Duct Professionals, LLC. (Paper 25). For purposes of the instant motion, this defendant will be referred to as WGRS.

> This Agreement and the parties' performance
> hereunder shall be governed by and
> interpreted under the laws of the State of
> Maryland.  Employee agrees to submit to the
> jurisdiction of the courts of the State of
> Maryland, and that venue for any action
> arising out of this Agreement or the
> parties' performance hereunder shall be in
> the Circuit Court for the County of
> Montgomery, Maryland.

(Paper 16, Attach. 1, Employment Agreement, at ¶ 8.6).   On February 10, 2010, WGRS terminated Plaintiff's employment, allegedly related to his demands for unpaid wages and expense reimbursement.

On June 28, 2010, Plaintiff filed a complaint in the Circuit Court for Montgomery County, Maryland, against WGRS and two of its principals – Chief Executive Officer Todd Stave and Chief Operating Officer Alon S. Moritz – alleging violations of the FLSA, the Maryland Wage and Hour Law, the Maryland Wage Payment and Collection Law, and breach of contract.  (Paper 2).[2] On August 6, Defendants removed the case to this court, asserting federal question and diversity of citizenship as the jurisdictional bases.  (Paper 1).[3]  On September 3, Plaintiff

---

[2] On September 30, 2010, Plaintiff amended his complaint to add a claim for unjust enrichment.  (Paper 21).

[3] Upon the court's request, Defendants supplemented their response to a prior standing order on removal to identify the citizenship of the members of WGRC, a limited liability company. This document reveals that one of the members is a resident of the Commonwealth of Virginia.  (Paper 24).  As Plaintiff is also a Virginia resident, the parties are not diverse.  Thus, removal

moved to remand the case to the Circuit Court for Montgomery County, arguing that Defendants had waived their right to litigate outside of that venue in the employment agreement. (Paper 16).  Defendants oppose this motion.  (Paper 18).

## II.  Analysis

Generally, a remand to state court is appropriate where the court either lacks subject matter jurisdiction over the case or due to some defect in the removal process.  *See* 28 U.S.C. § 1447(c) (motion to remand based on lack of subject matter jurisdiction may be brought "at any time before final judgment," while a motion "on the basis of any defect other than subject matter jurisdiction must be made within 30 days after filing of the notice of removal").  Motions to remand on the basis of a forum-selection clause, however, are based on neither lack of jurisdiction nor any defect.  As the Ninth Circuit explained in *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009):

> A forum selection clause operates outside of the various requirements for removal specified in [28 U.S.C.] §§ 1441-1453. The existence of such a clause does not render removal "defective" as we have understood that term in our cases decided under § 1447(c). Instead, a forum selection clause is similar to other grounds for not exercising jurisdiction over a case, such as abstention in favor of state court jurisdiction under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669

---

could only be proper on the basis of federal question jurisdiction.

(1971), and related abstention cases, or a
refusal to exercise supplemental
jurisdiction and a resulting remand to state
court under 28 U.S.C. § 1367(c). The Supreme
Court has explicitly held that remands based
on abstention and a refusal to exercise
supplemental jurisdiction are not covered by
§ 1447(c). *See Quackenbush v. Allstate Ins.
Co.*, 517 U.S. 706, 711-12, 116 S.Ct. 1712,
135 L.Ed.2d 1 (1996) (abstention); *Carnegie-
Mellon Univ. v. Cohill*, 484 U.S. 343, 355 n.
11, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)
(supplemental jurisdiction); *see also
Kircher v. Putnam Funds Trust*, 547 U.S. 633,
640, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006)
(discussing *Quackenbush* without stating that
it is no longer good law following the 1996
amendment of § 1447(c)).

*See also Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207,

1212 n.7 (3rd Cir. 1991) ("A forum selection clause does not oust

a court of subject matter jurisdiction, and abstention is, of

course, predicated on the notion that while the federal court

*has* subject jurisdiction, it should decline to *exercise* it.")

(internal citation omitted; emphasis in original)).  Thus, as a

prudential matter, federal courts should give effect to a valid

and enforceable forum-selection clause, despite the fact that

the case was properly removed.

Courts considering remand motions in this context have

uniformly conducted their analyses in terms of whether a given

forum-selection clause constitutes a waiver of the right to

remove.  *See, e.g., Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76

(2nd Cir. 2009) ("To the extent that a forum selection clause

binds diverse parties by its express terms to a specific jurisdiction that is not federal, it waives a statutory right to remove."); *Global Satellite Communication Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) ("forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court."). In determining whether a party has contractually waived its right to remove, courts should use "'the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions.'" *Welborn v. Classic Syndicate, Inc.*, 807 F.Supp. 388, 391 (W.D.N.C. 1992) (quoting *Foster*, 933 F.2d at 1215 n.15). Accordingly, resolution of the instant motion turns on whether the forum-selection clause contained in the employment agreement between WGRS and Plaintiff constitutes a waiver of Defendants' right to remove the case to this court. In deciding that issue, the court must determine the validity of the forum-selection clause.

"The initial step in analyzing the validity of a forum-selection clause is to determine whether state or federal law should be applied." *Koch v. America Online, Inc.*, 139 F.Supp.2d 690, 692 (D.Md. 2000). Although neither party has addressed the choice of law issue here, removal of this case could only have been proper on the basis of federal question jurisdiction. In federal question cases, the validity and effect of forum-

selection clauses is controlled by federal law.  *See Eisaman v. Cinema Grill Systems, Inc.*, 87 F.Supp.2d 446, 448 (D.Md. 1999) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991)).  Thus, federal law governs the analysis here.[4]

In *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972), the Supreme Court of the United States held that mandatory forum-selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  *See also Pee Dee Health Care, P.A. v. Sanford*, 509 F.3d 204, 213 (4th Cir. 2007).  The court's task in "determining the enforceability and applicability" of a forum-selection clause "is threefold":

> First, it must establish whether the clause is mandatory. If so, the clause is presumptively enforceable. Second, the court must establish whether the clause is presumptively enforceable against the particular claims in dispute, i.e.[,] whether the claims fall within the scope of the clause. If it finds that they do fall within the clause's scope, then that clause presumptively applies to bar their adjudication outside its designated forum. Third and finally, the court must decide whether the party opposing the clause's enforcement has rebutted the presumption of enforceability by proving that enforcement would be unreasonable. If it has not, the clause will be enforced.

---

[4] Maryland courts have also adopted the federal standard in analyzing the enforceability of a forum-selection clause. *See Gilman v. Wheat, First Securities, Inc.*, 345 Md. 361, 371-78 (1997).

*Varsity Gold, Inc. v. Lunenfeld*, Civ. No. CCB-08-550, 2008 WL 5243517, at *2 (D.Md. Dec. 12, 2008) (internal citations and quotation omitted).

Here, Defendants do not argue that the forum-selection clause is permissive, rather than mandatory, nor could they reasonably do so. A mandatory provision is "one containing clear language showing that jurisdiction is appropriate only in the designated forum." *Koch*, 139 F.Supp.2d at 693 (citing *Excell, Inc. v. Sterling Boiler and Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (internal quotation omitted)). A permissive clause, by contrast, is one that "permits jurisdiction in the selected forum without 'precluding it elsewhere.'" *Davis Media Group, Inc. v. Best Western Int'l, Inc.*, 302 F.Supp.2d 464, 467 (D.Md. 2004) (quoting *Koch*, 139 F.Supp.2d at 693)).

The instant clause provides, in relevant part, that "venue for any action arising out of this Agreement or the parties' performance hereunder shall be in the Circuit Court for the County of Montgomery, Maryland." (Paper 16, Attach. 1, Employment Agreement, at ¶ 8.6). This clause is clearly mandatory, as it unequivocally designates the specific forum in which any action "shall be" litigated. *See K & V Scientific Co. v. BMW*, 314 F.3d 494, 499 (10th Cir. 2002) ("where venue is specified with mandatory or obligatory language, the clause will

7

be enforced"); *Sterling Forest Associates, Ltd. v. Barnett-Range Corp.*, 840 F.2d 249, 252 (4th Cir. 1988), *overruled on other grounds by Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495 (1989) (use of the word "'shall' generally indicates a mandatory intent").   Courts considering forum-selection clauses employing similar language have routinely found them to be mandatory. *See, e.g., Excell*, 106 F.3d at 321 ("[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado"); *Varsity Gold, Inc.*, 2008 WL 5243517, at *3 (any dispute "shall be venued in Maricopa County, Arizona").   Thus, the clause here is mandatory and presumptively enforceable.

Defendants contend that although the clause may be presumptively enforceable against Plaintiff's breach of contract claim, the remaining claims in his complaint fall outside of its scope.   Specifically, they argue that "three of Plaintiff's counts – Count I (Violation of Maryland Wage and Hour Law), Count II (Violation of Maryland Wage Payment and Collection Law), and Count III (Violation of the Fair Labor Standards Act) – do not arise out of the Employment Agreement and the analysis of those claims have nothing whatever to do with that document." (Paper 18, at 3).   In support of this argument, Defendants cite a number of cases in which courts have found that similar claims did not trigger the application of forum-selection clauses.

First, they point to *Schultz v. All-Fund, Inc.*, Civ. No. JFM-06-2016, 2007 WL 2333049, at *6 (D.Md. Aug. 13, 2007), where Judge Motz referenced a prior opinion in the same case in which he found that the "plaintiffs' claims did not arise out of or relate to the employment agreement, and thus the forum selection clause contained in the employment agreement was not controlling." Like the instant case, the plaintiffs in *Schultz* alleged violations of the FLSA and Maryland Wage Payment and Collection Law. Also like the instant case, the forum-selection clause at issue there was unquestionably mandatory:

> Both parties hereby agree that the Circuit Court of Pierce County, State of Washington, shall have the exclusive jurisdiction to hear and determine any and all disputes, controversies, or claims arising out of, or relating to this Agreement, or concerning the respective rights of the parties hereunder and, for such purposes, do hereby submit themselves to the sole personal jurisdiction of that Court.

*Schultz*, 2007 WL 2333049, at *5.

In the prior opinion referenced in *Schultz*, Judge Motz considered a motion to dismiss filed by the defendants on the basis of a forum-selection clause in an underlying agreement. Memorandum Opinion, *Schultz, et al. v. All Funds, Inc.*, Civ. No. JFM-06-2016 (D.Md. Feb. 9, 2007), ECF No. 11, at 2. In that opinion, he first noted that "[f]orum selection clauses and arbitration agreements are analogous, and generally the same

rules of construction apply to both of them." *Id*. at 1 (citing *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 482-83 (1989)).  The court further observed that the Fourth Circuit broadly construes arbitration clauses "to encompass a wide variety of claims related to the parties' contractual relationship." *Id*. at 2 (citing *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315 (4th Cir. 1988)).  While the *J.J. Ryan & Sons* court found that "considerations of public policy strongly supported an expansive reading of the arbitration agreement between the parties" in an international trade case, Judge Motz determined that "the underlying policy interest[s]" at issue in *Schultz* were "dramatically different." *Id*.  In light of the "highly remedial" purpose of the FLSA and the Maryland Wage Payment and Collection Law, the court found that "[a]n expansive reading of the forum selection clause would, as a practical matter, have a substantial adverse impact upon plaintiffs' attempts to enforce asserted rights," as it was uncertain whether the plaintiffs could raise the same claims in the designated forum.  *Id*.

In support of his finding that the forum-selection clause at issue did not mandate dismissal of the law suit, Judge Motz cited *Cheever v. Academy Chicago, Ltd.*, 685 F.Supp. 914, 915 (S.D.N.Y. 1988), where the Southern District of New York found that the plaintiffs were not precluded from filing copyright

claims in that court by virtue of a forum-selection clause requiring that "any suit arising out of or relating to" an underlying publishing agreement "would be filed only in Chicago." This finding was premised on the fact that "[t]he claims . . . put forth by the plaintiffs in the amended complaint [were] not a part of the publishing agreement, and, indeed, [that the plaintiffs] attempt[ed] to reject it as a source of any license with respect to their copyrights." *Id*. at 917. Notably, the *Cheever* court found unpersuasive the plaintiffs' arguments that "the forum-selection clause relates only to contract claims and not to tort claims," stating, "[i]f the tort claims arise out of, or because of, the publishing agreement, the forum-selection clause would seem to control torts related to the agreement, as well as contract claims." *Id*. at n.2.

Judge Motz found "no principled basis" for a distinction between the copyright protections at issue in *Cheever* and "the protection of an employee's right to receive wages arguably due to him under the FLSA and Maryland Wage Payment and Collection Law." Memorandum Opinion, *Schultz,* Civ. No. JFM-06-2016 (D.Md. Feb. 9, 2007), ECF No. 11, at 3. He further held that "the forum selection clause here in question is not clear and unequivocal," as the defendant could have drafted the clause to cover "all disputes, controversies, or claims arising out of, or

11

relating to **the employment relationship** between the parties,"
but failed to do so. *Id*. (emphasis in original).

Despite Defendants' argument to the contrary, *Schultz*
supports Plaintiff's position in the instant motion. There is
no danger here, as there was in *Schultz*, that all of Plaintiff's
claims will not be cognizable in either this court or the
Circuit Court for Montgomery County; thus, the same policy
justifications for maintaining the suit in federal court are not
presented here.[5] More significantly, the language of the forum-
selection clause here is substantially broader than that
presented in *Schultz*. Judge Motz clearly would have been
inclined to dismiss the *Schultz* complaint for re-filing in the
designated forum if the forum-selection clause applied to all
claims arising from or relating to "the employment
relationship," rather from those merely "relating to this
Agreement." Here, the clause applies not only to actions
arising "out of this Agreement," but also to those arising from
"the parties' performance hereunder." (Paper 16, Attach. 1,
Employment Agreement, at ¶ 8.6). There can be little doubt that
each of the counts of Plaintiff's complaint – and his amended

---

[5] There is a risk, however, that Plaintiff's FLSA claim
would be subject to dismissal and that the court would decline
to exercise supplemental jurisdiction over the remaining state
law claims pursuant to 28 U.S.C. § 1367(c)(3). Thus, proceeding
in state court from the outset might serve the interests of
judicial economy.

complaint, for that matter – relates to Defendants' performance, or nonperformance, under the agreement. Moreover, Defendants have raised as an affirmative defense that Plaintiff is exempt from the overtime provisions of the Fair Labor Standards Act. (Paper 21). Resolution of that question will necessarily require careful scrutiny of the employment agreement "to determine the nature and scope of Plaintiff's job duties, and the method by which he was compensated." (Paper 22, at 3). *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988) (enforcing forum-selection clause where tort claims at issue "cannot be adjudicated without analyzing whether the parties were in compliance with the contract").

The remaining cases relied upon by Defendants are distinguishable for similar reasons. In *Crouch v. Guardian Angel Nursing, Inc.*, No. 3:07-cv-00541, 2009 WL 3738095 (M.D.Tenn. Nov. 4, 2009), the defendants moved to dismiss a complaint alleging, *inter alia*, FLSA violations on the basis of a forum-selection clause. There, the clause at issue provided that the parties agreed "to enforce any provision of this Agreement . . . in a state or federal court located in or having jurisdiction over Panola County, Mississippi." *Crouch*, 2009 WL 3738095, at *2. The "fatal flaw in the Defendants' position," according to the court, was that the plaintiffs "have not brought suit to enforce any provision of the contractor

13

agreements." *Id*.   Similarly, in *Perry v. Nat'l City Mortgage, Inc.*, No. 05-cv-891-DRH, 2006 WL 2375015, at *4 (S.D.Ill. Aug. 15, 2006), the court denied a motion to dismiss, stating that it was "not convinced" that the scope of forum-selection clause "goes beyond the terms of the Agreement itself."   In so holding, the *Perry* court cited *Saunders v. Ace Mortgage Funding, Inc.*, No. 05-1437 (DWF/SRN), 2005 WL 3054594, at *1 (D.Minn. Nov. 14, 2005) – the final case cited by Defendants here – for the proposition that a "forum selection clause did not apply to Plaintiffs['] FLSA claim as the clause referenced it applied to 'this Contract,' thereby limiting its applicability to breach of contract actions brought by Defendant against its employees." *Perry*, 2006 WL 2375015, at *4.

The language of the forum-selection clause here is clearly broader than the clauses considered in these cases.   In providing that it applies to any action arising from "the parties' performance" of the agreement, the clause encompasses the rate and manner of pay and reimbursement to Plaintiff, which is the core of the FLSA and related state law claims. Defendants presumably drafted the language in question and could have specifically reserved a right to remove the action to this court.   They failed to do so, however, and they should not now be permitted to ignore the clear thrust of this provision.

Accordingly, the forum-selection clause is presumptively enforceable as to each of the claims raised by Plaintiff.

In *Bremen*, 407 U.S. at 10, the Supreme Court established that the presumption of enforceability of a forum-selection provision may be overcome by a clear showing that enforcement would be "'unreasonable' under the circumstances." Such provisions may be found unreasonable if:

> (1) their formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London*, 94 F.3d 923, 928 (citing *Carnival Cruise Lines*, 499 U.S. at 595; *Bremen*, 407 U.S. at 12-13, 15, 18).

Here, Defendants argue that enforcement of the forum-selection clause would be unreasonable because Defendants Stave and Moritz were not signatories to the employment agreement. As Plaintiff observes, however, the question of whether the clause may be enforced against the two individual defendants is essentially moot. Remand is required if it is enforceable against WGRS alone because all of the defendants must consent to removal; thus, if WGRS waived its right to removal by virtue of

the forum-selection clause, it could not provide consent and the case could not have been removed to this court. *See Insight Holding Group, LLC v. Sitnasuak Native Corp.*, 685 F.Supp.2d 582, 590 (E.D.Va. 2010) ("remand is necessary because the forum selection clause contractually prevents [two of three defendants] from validly consenting to removal of this case"); *see also Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1049 (11th Cir. 2001) (affirming remand where one of twenty-three defendants waived removal right in forum-selection clause). In any event, it is well-established that non-signatories to an agreement are nevertheless "covered by choice of forum clauses so long as their alleged conduct is 'closely related' to the contract in question." *Belfiore v. Summit Federal Credit Union*, 452 F.Supp.2d 629, 633 (D.Md. 2006) (citing, *inter alia*, *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993)). The sole allegations in the complaint relating to Mr. Stave and Mr. Moritz are that they are, respectively, the Chief Executive and Chief Operating Officers of the defendant entity, and that, along with WGRS, they are "employers" within the meaning of various statutes. While there are no specific allegations establishing a nexus between the individual defendants and the agreement, it is reasonable to conclude that such high-ranking officers were "'closely related' to the contract in question," and Defendants have presented no evidence suggesting otherwise,

16

as was their burden.   Thus, enforcement of the forum-selection clause would not be unreasonable.   Accordingly, the provision will be enforced and the case will be remanded to the Circuit Court for Montgomery County.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand will be granted.  A separate order will follow.

<pre>
          _____/s/_____
          DEBORAH K. CHASANOW
          United States District Judge
</pre>